### BINNY v. CARNEY.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

NEGLIGENCE—DANGEROUS PREMISES.

　Where the agent of the owner of a dwelling opened a trapdoor in a water-closet appurtenant thereto, for the purpose of thawing frozen water pipes, he was bound to take precautions against danger, not only to persons who he either knew or had reason to believe were approaching the opening, but to those persons who it was probable, in the ordinary use of the premises, might approach it.

Appeal from trial term, Kings county.

Action by Columbia M. Binny, by her guardian ad litem, James C. Binny, against Joseph Carney, for personal injuries caused by defendant's negligence. Pending the action, plaintiff became of age, and the complaint and answer were amended by striking out the words "by her guardian ad litem, James C. Binny," wherever they occurred. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

The complaint is as follows:

The plaintiff, complaining of the defendant herein, respectfully states to the court: (1) That the said defendant is the owner of a certain lot and the building erected thereon, in the city of Brooklyn, and known as "No. 632 Grand Street," in the said city, which building the defendant rented in floors or apartments to several different persons or families, and that, at the times herein-

after mentioned, the plaintiff resided with her husband upon the third floor or flat of defendant's said building, of which floor her mother was tenant. (2) That the water-closet provided by the said defendant for the use of the tenants of the said house was erected upon the said lot, immediately to the rear of the said house, and only a few feet therefrom, and so close to the rear wall of the said house, and in such manner, as to make the said water-closet very dark, even in the daytime, so that, to a person passing into the same, objects could be seen only indistinctly and dimly; and that one of the apartments or divisions of the said water-closet was designated and appropriated to the use of this plaintiff, with others, but was under the care, management, and control of the said defendant. (3) Upon information and belief, that on or about the 15th day of January. 1895, the defendant, by his servant and employé, opened a certain trapdoor in the floor of the said apartment; and that he carelessly and negligently left the same open, and wholly unprotected; and that he also at the same time carelessly and negligently left open the door to the said apartment, and having rendered the said premises dangerous and insecure, as aforesaid, he carelessly and negligently failed to give to her, or others desiring to use the said closet, warning or notice of the fact that the said trapdoor had been opened, and was then open; and that plaintiff, having occasion to go into the said department of the said closet, did enter the same with due care and caution, and without negligence on her part; and that thereupon she fell into the said opening, sprained her left knee, badly bruised her right arm, and thereby received a severe nervous shock; and that she was otherwise thereby bruised, injured, and made· sick, lame, and sore, her general health seriously affected and weakened; and that said injuries will be, as she is informed and believes, of a permanent character; and that she will be permanently rendered unwell and disabled by the same. (4) That the said accident occurred, and the said injuries were received, without fault or negligence on the part of the plaintiff, and, wholly through the carelessness and negligence of the defendant and his said servant and employé, and that, by reason thereof, the plaintiff has been damaged in the sum of ten thousand dollars ($10,000). Wherefore plaintiff demands judgment against the defendant for the sum of ten thousand dollars ($10,000), besides costs.

## The answer is as follows:

The defendant, appearing herein by Burr & Coombs, his attorneys, for answer to the plaintiff's complaint, respectfully shows: (1) That he admits that he is the owner of a certain lot, and the building erected thereon, in the city of Brooklyn, and known as "No. 632 Grand Street," in the said city, and that he rented the same in floors or apartments to several different persons or families. (2) This defendant denies any knowledge or information sufficient to form a belief as to whether, at the times mentioned in the complaint, the plaintiff resided with her husband on the third floor of the said building, and upon information and belief he denies that the same was rented to the mother of the plaintiff. (3) This defendant admits that there was erected on the said lot, in the rear of the said house, a water-closet, for the use of the tenants of the said house, and that one of the apartments or divisions thereof was designated and appropriated to the use of the persons occupying the third floor of the said building. (4) Upon information and belief, this defendant admits that the plaintiff fell through a trapdoor in the floor of the said apartment; but this defendant alleges that the same occurred on the 15th day of February, 1895, and not on the 15th day of January, 1895, as alleged in said complaint. (5) Upon information and belief, this defendant admits that, in consequence of the said fall, the plaintiff sustained certain injuries, the exact extent of which are unknown to this defendant, but, as he is informed and believes, they were very slight. (6) This defendant denies each and every allegation in said complaint contained not hereinbefore admitted. (7) Further answering, and for a further and separate defense, this defendant alleges that the injuries, if any, sustained by the said plaintiff, were due wholly to her own carelessness, negligence, and misconduct, and not to any carelessness, negligence, or misconduct of this defendant or his servants or agents. Wherefore this defendant demands judgment that the complaint in this action be dismissed, and that he recover his costs thereof.

The judge's charge is as follows:

Gentlemen of the jury, the plaintiff in this action claims that on the 15th of February, 1895, she was injured by falling into what may be called the cellar of a water-closet. She was a tenant of the building owned by the defendant, and she had, of course, a right of free access to the closet. It is not disputed that the water pipes had frozen, or that something had occurred to prevent the running of the water in the closet. The tenant with whom the plaintiff lived, or some one of the persons in these rooms, requested the landlord to repair the premises, by thawing out the water pipes. The landlord sent his brother to attend to the repairing. While on the premises, the agent of the landlord called at the rooms of the plaintiff for the purpose of obtaining hot water to be used in the thawing of the pipes. He also obtained the key of the water-closet from the plaintiff or some one in the rooms occupied by the plaintiff. The agent then went below to the closet, and lifted a trapdoor, some two and a half feet square, which exposed a cellar hole below of three or four or five or six feet in size, and three or four feet in depth, and the agent used boiling water for the purpose of thawing out the pipes. It would seem that he returned again to the plaintiff's room, and obtained another kettle of water, and went back for the purpose of finishing his business of thawing out these pipes. While he was still about the closet, the plaintiff came downstairs for the purpose of emptying a chamber of its contents, and started to go to the water-closet. As she came out of the back door, she saw that some one was in the closet, or about the closet; and, for motives of delicacy or otherwise, she suddenly turned back towards the house, and then shortly turned again, and walked into the hole in the water-closet, and received some injuries. Upon these facts, three questions arise for your consideration. In the first place, was the plaintiff guilty of negligence which directly contributed to her injury? In the second place, was the defendant guilty of negligence which contributed directly to this injury? And if you find that the plaintiff was not guilty of negligence, and that the defendant was guilty of negligence, you then come to the question of damages, which will be sufficient compensation to the plaintiff for the suffering and pain which she has endured, and which will be a reasonable pecuniary compensation for her condition, excluding absolutely from your estimate all questions relating to her condition of pregnancy, or to the effect that she had had a miscarriage, whichever was the fact. That subject has been absolutely withdrawn from you, and it would be wrong for you to take into consideration at all any damage which she has suffered or any pain which she has suffered by reason of her delicate condition. If, on the other hand, you find that the plaintiff was herself guilty of negligence, then she cannot recover, and your verdict must be for the defendant. In the next place, if you find that the defendant, by himself or his brother, was not guilty of negligence, then your verdict will be for the defendant.

Now, you naturally inquire of the court, what is negligence? Negligence on the part either of the plaintiff or of the defendant is the omission of a duty which a prudent man would observe; and of that question of negligence, either on the part of the plaintiff or on the part of the defendant, you are to be the absolute judges. You know that a motion has been made by counsel for the defendant, and strenuously argued, that there is no evidence in this case that the plaintiff was free from negligence on her part. That motion has been reserved for further consideration, and you will derive no inference, gentlemen of the jury, one way or the other, from the fact that the court has up to this time refused to nonsuit the plaintiff. I am intending to leave to you absolutely all the facts in the case, without any expression of my own opinion on the subject of whether the plaintiff, under the circumstances, was guilty of negligence, and whether the defendant was guilty of negligence, as I have stated. It appears in this case that the plaintiff has defective eyesight, and you have the right to take into consideration upon that subject her appearance upon the stand. She had the right to go to this water-closet. She was bound to exercise a reasonable degree of prudence and caution in entering that water-closet, if she knew or had fair notice that the water-closet was undergoing repairs. She knew, or ought to have known, that the water-closet was not as bright and light as the back yard, and therefore she was bound to take somewhat greater caution in entering the water-closet, if she knew that it was undergoing repairs,

than she would have been compelled to exercise if she had been simply taking a walk in the open, uncovered space of the back yard. All the facts and circumstances of the light or darkness of the closet, of her opportunity to see what the condition of the floor was, as to whether the trap was opened or closed, if she knew there was a trap there, are within your province; and you must bring a fair, unbiased judgment, untouched by sympathy for one side or the other, to the consideration of that question.

There are various requests before me for charging. Are there any special ones which you desire me to present to the jury?

Mr. Powell: I ask your honor to charge my fifth request.

The Court: I decline to charge it.

(Exception.)

Mr. Powell: I ask your honor to charge the sixth.

The Court: I charge you, gentlemen, that if the plaintiff had received no warning, and received none as she approached the closet, and did not know of the existence of the trapdoor in the floor, she was under no obligation to look out for holes in the floor. I have so charged already.

Mr. Powell: I think your honor has charged in substance the third request. I will not request you to charge it.

Mr. Wilson: I except to that portion of the charge which says that she was only bound to use ordinary care and prudence if she knew that the hole was there. and ask your honor to charge that she was bound to use ordinary care at all times.

The Court: I have not charged your first statement, and charge your second.

Mr. Wilson: I ask your honor to charge that, if she had defective eyesight, she was bound to use more care than if she had good eyesight.

(Charged. Plaintiff excepts.)

The Court: She was bound to exercise a diligence and care commensurate with all the circumstances, and that into that combination of circumstances the question of her vision enters; but she was not bound to any extraordinary care in approaching this place.

Mr. Wilson: I ask your honor to charge that it was not negligence for Thomas Carney to remove the cover of the trapdoor, and to keep it off during all the time he was working there.

The Court: It was not negligence provided he used due care in notifying the persons who had a right to approach this place, of its condition.

Mr. Wilson: I ask your honor to charge that he was not bound to notify any one of its condition unless he knew or had reason to believe that some one was approaching the hole.

(Declined. Exception.)

The Court: He is bound to take precautions against persons approaching the place without notice to him, because a person might approach, and he not know it.

Mr. Wilson: I ask your honor to charge that it was not negligence for Mr. Carney to leave the door open of the closet while working there.

The Court: I so charge, provided he gave notice to the plaintiff of the condition in which the floor of the closet was left.

Mr. Wilson: I except to the modification.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Burr, Coombs & Wilson, for appellant.

Foley & Powell, for respondent.

PER CURIAM. The request to charge was properly declined. The defendant's agent was bound to take precautions against danger, not only to persons who he either knew or had reason to believe were approaching the hole, but of those persons who it was probable, in the ordinary use of the premises, might approach the hole; and such was the charge of the court.